IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WENZEL WOCHOS                                                                          PLAINTIFF

vs.                                    Civil No. 6:08-cv-06070

DARRELL SMITH                                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 28, 2008, Plaintiff filed a Motion for an Emergency Order requesting that this Court "restore water flow to Kelly Creek." (Doc. No. 2). On August 12, 2008, Defendant filed a response to this Motion, objecting to Plaintiff's request for an Emergency Order. (Doc. No. 11). On August 7, 2008, this motion was referred to this Court by the Honorable Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 4). This matter is now ready for decision.

**1. Background**

Plaintiff filed his original Emergency Motion for an Order to Restore Water Flow to Kelly Creek on July 28, 2008. (Doc. No. 2). Defendant responded to Plaintiff's original motion on August 12, 2008. (Doc. No. 11). On August 13, 2008, this Court held a hearing on Plaintiff's original motion. Plaintiff proceeded *pro se* during this hearing, and Defendant was represented by Mr. Travis Morrissey. During this hearing, this Court heard the arguments of the Parties and Plaintiff indicated that he was in fact seeking injunctive relief. The Court directed Plaintiff to supplement his original motion in order to clarify his claims. (Doc. No. 15).

On August 15, 2008, Plaintiff filed a Supplemental Motion to his original motion. (Doc. No. 12). With this Supplemental Motion, Plaintiff stated that he was seeking injunctive relief and

1

requested that this Court restore the water flow to Kelly Creek.[1] *See id.* Defendant responded to this Supplemental Motion on August 20, 2008. (Doc. No. 14). On August 21, 2008, this Court held an evidentiary hearing on this Motion. (Doc. No. 14). Once again, Plaintiff proceeded *pro se* during this hearing, and Defendant was represented by Mr. Travis Morrissey. Plaintiff, Plaintiff's wife, and Mrs. Irene Drallmeier (Plaintiff's neighbor) testified at this hearing on Plaintiff's behalf, and Defendant testified on his own behalf.

At this hearing, Plaintiff introduced several letters that he had sent to the Environmental Protection Agency (Plaintiff's Exhibits 1-2), one letter he sent to Defendant (Plaintiff's Exhibit 3), and an index of some of the documents included in folders on his computer (Plaintiff's Exhibits 4-5). Defendant introduced the permit application he submitted to the United States Army Corps of Engineers ("USACE") in March of 2008 and his correspondence with the USACE (Defendant's Exhibits 1-2).

## 2. <u>Applicable Law</u>

Pursuant to FED. R. CIV. P. 65, a federal district court is authorized to grant a preliminary injunction. In order to determine whether a preliminary injunction should be granted, the court should consider the following four factors: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

---

[1] Because Plaintiff is seeking injunctive relief until the final disposition of this case, this Court will treat Plaintiff's "Emergency Motion for an Order to Restore Water Flow to Kelly Creek" and the supplement thereto ("Supplemental Motion for Injunctive Relief") as a motion for preliminary injunctive relief. *See Canady v. Allstate Ins. Co.,* 282 F.3d 1005, 1013 (8th Cir. 2002) (holding that a preliminary injunction "finally adjudicates the issue of preserving the status quo until the district court reaches the case's merits") (citing *NBA v. Minn. Prof'l Basketball, Ltd. P'ship,* 56 F.3d 866, 872 (8th Cir. 1994))).

In balancing these four factors, no single factor is determinative. *See id.* However, the movant is *always* required to show the threat of irreparable harm in order to establish that he or she is entitled to a preliminary injunction. *See id.* at 14 n.9. The Eighth Circuit has held "the absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction." *Id. See Bacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (8th Cir. 1959) (holding that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies").

A party cannot establish that he or she suffers from the "threat of irreparable harm" and is entitled to injunctive relief where that party has an adequate remedy at law. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 300 (8th Cir. 1996). For example, a party does not suffer from the threat of irreparable harm and is not entitled to injunctive relief where that party can be compensated by damages and other legal relief if he or she ultimately prevails in the action. *See id.* Whether a party suffers from a threat of irreparable harm is a fact issue that the party seeking the preliminary injunction must prove. *See id. See Rittmiller v. Blex Oil, Inc.,* 624 F.2d 857, 862 (8th Cir. 1980). The determination of whether a party suffers from a threat of irreparable harm or whether that party is entitled to an injunction is within the discretion of the trial court judge. *See Rittmiller,* 624 F.2d at 862; *Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC,* 417 F.3d 953, 958 (8th Cir. 2005).

### 3. Discussion

In the present action, Plaintiff testified at the evidentiary hearing that he suffers from the threat of irreparable harm for two reasons: (1) he is under contract with the United States Department of Agriculture ("USDA") to maintain the trees and grasses for over eleven acres, and the "shut off" of the water flow in Kelly Creek has put Plaintiff in breach of this contract; and (2) he is involved

in a project that involves tracking species of animals around and near Kelly Creek with pattern recognition software, and he has been unable to complete his project because these animals have almost vanished due to this "shut off" of water into Kelly Creek by Defendant's actions.[2]

### A. Breach of Contract

Plaintiff claims he suffers from the threat of irreparable harm due to the fact that the claimed "shut off" of Kelly Creek has caused him to breach his contract with the USDA. Plaintiff, however, also testified at this hearing that he has not been contacted by the USDA or otherwise notified by the USDA that he may be in breach of this contract. Therefore, there is no threat of *immediate* and irreparable harm. *See Greater Iowa Corp. v. McLendon,* 378 F.2d 783, 799 (8th Cir. 1967) (noting that the threat of irreparable harm must be immediate). *See also Shrink Mo. Gov't PAC v. Adams,* 151 F.3d 763, 764 (8th Cir. 1998) (requiring a showing of "immediate and irreparable harm").

Furthermore, even if Plaintiff had already been found to have breached this contract, he still would not be entitled to injunctive relief. If this contract were breached, Plaintiff would only be forced to pay the USDA, and correspondently might recover from Defendant, breach of contract damages or monetary damages. As noted above, such damages are considered an "adequate remedy at law," and a party is not entitled to injunctive relief where he or she has an adequate remedy at law. *See Adam-Mellang,* 96 F.3d at 300.

### B. Pattern Recognition Software

Plaintiff also claims that he suffers from the threat of irreparable harm because he is unable

---

[2] Plaintiff also claimed in his briefing and at the evidentiary hearing that he suffers from the threat of irreparable harm because the wetlands on his property and the nearby area are being destroyed. However, Plaintiff offered no admissible evidence in support of this claim. Therefore, this Court will not address this issue.

to complete a project he began with a type of pattern recognition software.[3] Plaintiff claims that this project involves tracking species in their native habitats, and he claims that he has already expended considerable resources investing in this project. He claims he cannot complete this project elsewhere but that he must complete it in Kelly Creek, where he began the project.

At the evidentiary hearing, however, Plaintiff submitted no evidence establishing that he could not be adequately compensated with monetary damages as a result of this claimed harm. In fact, Plaintiff testified as to a possible method of calculating damages for this claimed harm: $1.00 per kilobyte. Such a showing is insufficient to establish that Plaintiff is entitled to injunctive relief. *See Adam-Mellang,* 96 F.3d at 300. Plaintiff has the burden of establishing that he has no adequate remedy at law and is entitled to injunctive relief. *See id.* Since Plaintiff has not established that he suffers from a threat of irreparable harm, he has not met this burden and is, therefore, not entitled to injunctive relief.[4]

### 4. Conclusion

Based upon the arguments of counsel and the testimony of the Parties at the evidentiary hearings on August 13, 2008 and August 21, 2008, this Court finds Plaintiff has not met his burden of establishing that he suffers from the threat of irreparable harm. Therefore, he has not met his burden of establishing that he is entitled to injunctive relief pursuant to FED. R. CIV. P. 65. Accordingly, the undersigned recommends that Plaintiff's Motion for an Emergency Order (Doc. No. 2) and the supplement thereto (Doc. No. 12) be **DENIED.**

---

[3] Although Plaintiff raised this issue at the evidentiary hearing, he did not raise this issue in his Supplemental Motion for Injunctive Relief or in this original motion.

[4] The Parties also dispute whether Plaintiff properly gave notice under the Clean Water Act, 33 U.S.C. § 1365(b). This issue was addressed by the Parties at the evidentiary hearing insofar as it was relevant to establishing the second element for injunctive relief: likelihood of success on the merits. However, because Plaintiff does not establish irreparable harm, the Court does not address that issue.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **29th day of August, 2008.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE