**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**WENZEL WOCHOS**                                                                    **PLAINTIFF**

**vs.**                                        **Civil No. 6:08-cv-06070**

**DARRELL SMITH**                                                                  **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Plaintiff's Motion for Summary Judgment.  (Doc. No. 41).  On March
2, 2010, Plaintiff filed this motion, his statement of material facts in support of this motion, and his
memorandum brief in support of this motion.  (Doc. Nos. 41-42, 44).  On March 25, 2010,
Defendant responded to this motion and also filed his brief and statement of facts in support of his
response.  (Doc. Nos. 47-49).  The Honorable U.S. District Judge Robert T. Dawson referred this
motion to the undersigned on March 3, 2010 pursuant to 28 U.S.C. § 636(b)(1) and (3) (2005).  In
accordance with those provisions, and after considering the arguments of counsel, this Court enters
the following report recommending Plaintiff's Motion for Summary Judgment (Doc. No. 41) be
**DENIED.**

**1. Background**

Plaintiff filed his complaint in this case *pro se* on July 16, 2008.  (Doc. No. 1).  In his
complaint, Plaintiff alleged Defendant violated a number of different acts and the U.S. Constitution
by damming up Kelly Creek near Royal, Arkansas and building a "private lake."  These acts include
the "mandates" of the U.S. Army Corps of Engineers and the Environmental Protection Agency
("EPA"), the National Dam Safety Act ("NDSA"), and the Clean Water Act ("CWA").  *See id.*  After
Defendant filed a motion to dismiss, Judge Dawson dismissed Plaintiff's complaint as to all his

claims but his CWA claim. (Doc. No. 21). Judge Dawson also found Plaintiff had not fully complied with the notice requirements of 33 U.S.C. § 1365(b) of the CWA and gave Plaintiff until December 8, 2008 to file an amended complaint reflecting that he had complied with those requirements. *See id.*

On December 8, 2008, Plaintiff filed his amended complaint. (Doc. No. 22). In his amended complaint, Plaintiff alleged he complied with the notice requirements of the CWA and also alleged Defendant violated the CWA, Section 5-72-107 of the Arkansas Code Annotated, and the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").[1] (Doc. No. 22, Pages 5-7). On January 12, 2009, Defendant filed an answer to Plaintiff's amended complaint. (Doc. No. 23). In his answer, Defendant denied Plaintiff's allegations and asserted several affirmative defenses. (Doc. No. 23, Pages 1-4).

Thereafter, on March 2, 2010, Plaintiff filed the current motion seeking summary judgment on his CWA claim against Defendant. (Doc. No. 41). Plaintiff claims "Defendants' violations of the CWA continue unabated" such that "there is no triable issue as to any material fact." *Id.* Defendant responded to this motion for summary judgment on March 25, 2010. (Doc. No. 47). In his response, Defendant alleged there are several triable fact issues that are still currently in dispute, including whether he discharged a "pollutant" as it is defined in the CWA and whether his activities

---

[1] Plaintiff's claims under Section 5-72-107 of the Arkansas Code Annotated and CERCLA have not been fully briefed. This Court does, however, note that neither statute appears to give rise to cognizable claims in this case. Section 5-72-107 of the Arkansas Code Annotated relates to "[k]eeping dams sufficiently open" and does not appear to provide for a private cause of action for either enforcement or damages. Ark. Code Ann. § 5-72-107 (2009). Likewise, CERCLA, 42 U.S.C. §§ 9601-9675, is an enforcement and regulatory system addressing liability and compensation for the release of hazardous substances. It appears the only civil proceeding authorized must be filed in the Circuit Court of Appeals of the United States for the District of Columbia. 42 U.S.C. § 9613(a). Further, the lawsuit must be filed "concerning the adequacy of any response action taken or ordered by the President." *Id.* § 9613(j). Therefore, it appears neither this section of Arkansas law nor CERCLA provide Plaintiff with a viable cause of action.

were exempt under the CWA.  *See id.* at 1-2.  Defendant also raised the issue of whether this Court

has subject matter jurisdiction over this case.  *See id.*  Specifically, Defendant raised two issues

related to subject matter jurisdiction: (1) whether Plaintiff has standing to bring this case and (2)

whether this case is ripe for adjudication.  *See id.*

## 2. <u>Applicable Law</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to

grant summary judgment in a case.  Summary judgment is appropriate when the record, viewed in

the light most favorable to the non-moving party, reveals that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ.

P. 56(c)(2).  A genuine issue of material fact exists only if "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact

exists.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving

party to show through specific evidence that a triable issue of fact remains on an issue where the

nonmovant bears the burden of proof at trial.  *Id.* at 324.  A mere scintilla of evidence in support of

the non-movant's position is insufficient.  *Anderson,* 477 U.S. at 252.  To survive a motion for

summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance

specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend,*

*Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).

## 3. <u>Discussion</u>

With the present motion, Plaintiff seeks summary judgment on his CWA claim only.  (Doc.

No. 41).  Thus, this Court will only address Plaintiff's CWA claim and need not address Plaintiff's

Arkansas law and CERCLA claim in this Order. *See* Footnote 1, *supra.* After reviewing this case, this Court finds the following factual issues exist: (A) whether the waters in question are "navigable waters"; (B) whether Defendant's activities were exempt from the CWA pursuant to the provisions of 33 U.S.C. § 1344(f)(1)(C); and (C) whether Defendant discharged "pollutants" as prohibited by 33 U.S.C. § 1311(a). This Court will address each of these factual disputes. Further, because Defendant has alleged that this Court does not have subject matter jurisdiction over this case, the Court will also address this issue. *See Crooks v. Lynch,* 557 F.3d 846, 848 (8th Cir. 2009) (holding subject matter jurisdiction is a "threshold matter" that must be addressed). Specifically, this Court will address whether Plaintiff has standing and whether this case is ripe for consideration.

A.      "Navigable Waters"

As an initial matter, the CWA only applies to "navigable waters." *See* 33 U.S.C. § 1251. For a plaintiff to prevail in a "citizen suit" under the CWA, that plaintiff must establish that the waters in question are "navigable waters." *See* 33 U.S.C. § 1365. Likewise, for a plaintiff to be entitled to summary judgment in a CWA case, that plaintiff must establish there is no factual dispute as to whether the waters in question are "navigable waters." Fed. R. Civ. P. 56(c)(2).

The term "navigable waters" is a defined term in the CWA and is defined as follows: "waters of the United states, including the territorial seas." *See* 33 U.S.C. § 1362(7). According to the Supreme Court, "navigable waters" encompass more than traditional navigable-in-fact waters and may even include wetlands. *See Rapanos v. United States,* 547 U.S. 715, 730-31 (2006). However, in *Rapanos,* a majority of the Supreme Court did not agree to a test for determining whether a wetland could be considered one of the  "navigable waters" of the United States. *See id.*

The plurality found "navigable waters" included "those wetlands *with a continuous surface connection* to bodies that are 'waters of the United States' in their own right, so that there is no clear

4

demarcation between 'waters' and wetlands." *Id.* at 742 (emphasis added).  Justice Kennedy, in his concurring opinion, did not agree with this standard.  Instead, Justice Kennedy found wetlands could be considered "navigable waters" if they "*possess a significant nexus* to waters that are or were navigable in fact or that could reasonably be so made."  *Id.* at 759 (emphasis added).  Both the plurality's standard and Justice Kennedy's standard can be applied in the Eighth Circuit for determining a wetland should be considered one of the "navigable waters" of the United States.  *See U.S. v. Bailey,* 571 F.3d 791, 799 (8th Cir. 2009) (holding, "[w]e find Judge Lipez's reasoning in *Johnson* to be persuasive, and thus we can join the First Circuit in holding that the Corps has jurisdiction over wetlands that satisfy either the plurality or Justice Kennedy's test").

Further, the question of whether a wetland or body of water is considered one of the "navigable waters" of the United States is a fact question that must be resolved by the jury.  *See Crowell v. Benson,* 285 U.S. 22, 55 (1932) (holding "navigability itself a question of fact").  In this case, the body of water in dispute is Kelly Creek.  (Doc. No. 22, Page 1).  While Plaintiff claims Kelly Creek is a navigable water, Defendant disputes Plaintiff's claim.  Defendant claims Kelly Creek is merely a "stream of water" that has had only intermittent flow.  (Doc. No. 47, Ex. 1).  Plaintiff has submitted several pictures with his motion for summary judgment, but these pictures do not unequivocally establish that Kelly Creek is a navigable water.  Accordingly, viewing the facts in a light most favorable to Defendant, this Court finds the issue of whether Kelly Creek is a navigable water is a factual issue in dispute that precludes summary judgment in this case.

### B.    Possible Exemption under 33 U.S.C. § 1344(f)(1)(C)

Even if Kelly Creek were considered a "navigable water" of the United States, Defendant's activities may still be exempt from the permit requirements of the CWA.  Pursuant to  33 U.S.C. § 1344(f)(1)(C), dredged or fill material may be discharged without a permit "for the purpose of

5

construction or maintenance of farm or stock ponds or irrigation ditches, or the maintenance of drainage ditches." Defendant claims this exemption applies to him. In his response to Plaintiff's motion for summary judgment, Defendant stated he dammed part of Kelly Creek (and presumably also discharged dredged or fill material) to build a "stock pond" on his property. (Doc. No. 47, Ex. A). Accordingly, viewing the facts in a light most favorable to Defendant, there is a fact issue as to whether Defendant meets the requirements of this exemption. This fact issue precludes summary judgment in this matter.

### C. Discharge of "Pollutants"

Assuming Kelly Creek were a "navigable water" and Defendant's activities were not exempt under 33 U.S.C. § 1344(f)(1)(C), Defendant may still not have violated the CWA. Under 33 U.S.C. § 1311(a), only the discharge of "any pollutant" is regulated by the CWA. According to the CWA, a "pollutant" includes the following: "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

Plaintiff claims Defendant discharged "pollutants" into Kelly Creek. (Doc. No. 22, Page 4). Plaintiff claims these "pollutants" included "dredged material, septic, silt, gravel, rocks, biomass, trash, leaves, branches, roots, oil cans, etc." *Id.* Plaintiff has submitted pictures claiming they establish Defendant discharged "pollutants" in violation of the CWA. (Doc. No. 42). This Court, however, does not find these pictures unequivocally establish Defendant discharged such pollutants. Further, in response to Plaintiff's motion for summary judgment, Defendant has stated under oath that he did not discharge pollutants in violation of CWA: "That I would affirmatively state that no pollutants or any other materials have been discharged in violation of the Clean Water Act that

6

would affect Mr. Wochos, as Mr. Wochos lives approximately 1 mile downstream." (Doc. No. 47, Ex. A). Although it is unclear whether Defendant intended to claim he never discharged *any* pollutants or whether he intended to claim he never discharged pollutants that *impacted Mr. Wochos*, this Court is required to draw every inference in favor of Defendant. Accordingly, this Court finds the issue of whether Defendant discharged "pollutants" in violation of the CWA is a fact question that precludes summary judgment.

### D.     Subject Matter Jurisdiction

In his response to Plaintiff's motion for summary judgment, Defendant raised the issue of whether this Court has subject matter jurisdiction over this case. Because subject matter jurisdiction is a "threshold" issue for every case, it is important to address that issue at this time. Specifically, Defendant raises two issues: (1) whether Plaintiff has standing to bring this action and (2) whether this case is ripe for adjudication. This Court will address both of these issues.

### (1)     Standing

First, Defendant argues Plaintiff does not have standing to bring this action. (Doc. No. 48, Page 2). Defendant's argument is presumably based upon the fact that Plaintiff "lives approximately 1 mile downstream" and would not be impacted by any alleged "pollutants" discharged by Defendant.

The CWA, however, does not require that a plaintiff be "impacted" by the discharge of "pollutants." Indeed, Section 1365 specifically outlines the jurisdiction of federal courts and authorizes citizen suits to be brought by any private individual. This section provides that "any citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter." Therefore, Defendant's attempt to include a requirement that Plaintiff be "impacted" by an alleged CWA violation is without

merit, and this Court rejects Defendant's challenge to Plaintiff's standing.

### (2)   Ripeness

Second, Defendant argues this case is not ripe for adjudication.  (Doc. No. 48, Pages 3-5).

Defendant argues that "there is presently under consideration an Application before the United States

Army Corps of Engineers which would necessarily result in an administrative determination by that

body as to the need for a Permit or the legitimacy of Defendant's conduct."  *Id.*  Defendant argues

until that application process is complete, this case is not ripe for adjudication, and this Court should

not needlessly interfere with an administrative proceeding.  Defendant cites several cases in his brief

in support of his claim that there should be no judicial interference in this administrative

determination.  *See id.*

After reviewing this briefing and these cases, this Court finds Defendant's argument, to some

extent, persuasive and finds that, in normal cases, a federal court should not interfere with the

determination of an independent administrative agency.  *See Norton v. Southern Utah Wilderness

Alliance,* 542 U.S. 55, 66 (2004) (holding that the "principal purpose of the APA [Administrative

Procedure Act] limitations . . . is to protect agencies from undue judicial interference with their

lawful discretion").  The case of *Norton,* however, is distinguishable from the present action.  In

*Norton,* the Supreme Court was faced with the question of whether Section 706(1) of the APA,

which authorized limited judicial review, permitted the federal courts to direct the action of a federal

agency.  *See id.*  The regulations of this agency did not provide for judicial review, but the plaintiff

tried to use the broad provisions of the APA to direct agency's actions.

The present action is entirely different.  In this case, Plaintiff has alleged a violation of the

CWA.  (Doc. No. 22).  Unlike the case in *Norton,* the CWA specifically authorizes citizen suits,

provides for notice to the appropriate federal agencies, and allows the United States to intervene as

a matter of right. *See* 33 U.S.C. § 1365. The CWA even contemplates a situation where an investigation may be ongoing and requires a plaintiff to give sixty days' notice to the Administrator and to the State in which the alleged violation occurs. *See id.* § 1365(b)(1)(A). Indeed, the only way a citizen suit of this type is barred is "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action *in a court of the United States, or a State* to require compliance with the standard, limitation, or order." *Id.* § 1365(b)(1)(B). In this case, the dispute is not ongoing in *court* but is ongoing at the administrative level. Therefore, this Court finds there is no need to bar this action.

Further, this Court has reviewed Defendant's other arguments that this case is not ripe for adjudication and finds those arguments are not persuasive. Accordingly, this Court finds Plaintiff's case is ripe for adjudication. Should Plaintiff see fit to join the U.S. Army Corps of Engineers as a party to this action, Plaintiff should seek such leave without delay. There appears, however, to be no requirement in the CWA that Plaintiff must join the U.S. Army Corps of Engineers, or any other agency, as a party to this action. If the need arises, this issue should be fully addressed, however, at a later time after there has been adequate briefing on the matter.

**4. Conclusion**

Based upon the foregoing, this Court finds the following factual issues are in dispute: (A) the navigability of Kelly Creek; (B) the applicability of an exemption to Defendant's activities; and (C) Defendant's discharge of "pollutants" under the CWA. This Court finds these factual disputes create genuine issues of material fact that preclude summary judgment in this matter. Fed. R. Civ. P. 56(c)(2). Further, this Court has reviewed the record and finds both that Plaintiff has standing under the CWA and that this case is ripe for adjudication under the CWA. Accordingly, this Court has subject matter jurisdiction over this case

9

The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

ENTERED this 15th day of April, 2010.

/s/   Barry A. Bryant

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE